*In re* MARRIAGE OF DELORES HOMAN, Petitioner-Appellee, and JERRY L. HOMAN, Respondent-Appellant.

First District (4th Division)   No. 83—1730

Opinion filed July 19, 1984.

Jeffery M. Leving, of Chicago, for appellant.

James R. Donnelly, of Armstrong & Donnelly, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Respondent, Jerry Homan, appeals an order of the trial court granting to petitioner, Delores Homan, child support arrearages in the amount of $19,450. On appeal, respondent (1) attacks the trial court's jurisdiction to hear petitioner's request for arrearages; (2) claims certain equitable defenses to payment; and (3) alleges that the trial court improperly granted judgment in petitioner's favor.

We affirm.

Jerry and Delores Homan were divorced on March 13, 1973. The judgment provided that respondent pay $50 weekly child support to petitioner and that he pay certain other obligations. On October 14, 1982, Delores filed a petition alleging that since their divorce respondent had paid her only about $800 in child support. She asked for $19,450 in child support and $2,500 for other obligations.

At a hearing on March 8, 1983, the trial court rejected respondent's post-judgment challenge to the divorce judgment. The hearing began on April 22, 1983, on the petition for child support arrearages. Respondent testified that he offered support to his ex-wife but she refused it. She told him that if he would forego visiting the children she wanted no money. Respondent claimed that he visited a psychiatrist who prescribed Valium for his nerves. His condition was attributable to years of not seeing his children. Respondent never consulted an attorney with regard to this agreement.

Petitioner denied that any such agreement existed. She denied that she ever had a conversation in which she said she wanted no financial support from respondent. She also stated that she never prevented respondent from visiting their children.

The trial court granted judgment to petitioner of child support arrearages of $19,450. In the court's opinion, petitioner did not prove her other claim of $2,500. Respondent appeals.

■ Respondent raises three jurisdictional arguments. First, he claims that the divorce judgment of March 13, 1973, was unenforceable after seven years under Illinois law. Next, he claims that the action to enforce the support order was an action for a sum of money and thus did not fall within the jurisdiction of the divorce court. Thirdly, respondent claims that the trial court could not enforce the original order of child support because by 1983 the children had either attained majority or were emancipated.

Respondent's arguments are wholly without merit. The Illinois Marriage and Dissolution of Marriage Act provides that the court has jurisdiction to modify provisions of a judgment respecting support. (Ill. Rev. Stat. 1981, ch. 40, par. 510.) Thus, the court's jurisdiction is continuing and does not terminate with the entry of the divorce judgment. (Hoos v. Hoos (1980), 86 Ill. App. 3d 817, 821, 408 N.E.2d 752, 755.) Although section 510(c) of the Act provides that the obligation to pay child support generally terminates upon emancipation, this does not mean that after emancipation the custodial parent is not entitled to child support arrearages. Further, past-due installments of child support are the vested right of the designated recipient and child support payments cannot be terminated unilaterally. Hoos v. Hoos (1980), 86 Ill. App. 3d 817, 821.

■ Next, respondent asserts that the trial court should have applied the equitable defenses of estoppel and laches and erred in ruling that he had not shown injury sufficient to uphold those defenses. Respondent contends that he met his burden of proving injury and detrimental reliance.

In the proper case, courts have given effect to either an agreement between the parties or the doctrine of equitable estoppel to reduce the amount of child support arrearages. Either defense must be proved by clear and unequivocal evidence. (Hoos v. Hoos (1980), 86 Ill. App. 3d 817, 821, 408 N.E.2d 752, 755.) Equitable estoppel arises where the voluntary conduct of one party results in good faith reliance and detrimental change of position by the other party. Where such circumstances exist, estoppel may act to bar the assertion of rights by the party whose voluntary acts led to the reliance. The test of equitable estoppel in the child support context generally focuses on conduct of the petitioner and change of position by the respondent. Cases which have found a change of position for the worse have involved egregious circumstances where the respondent has acted in

good faith and the petitioner has received an unwarranted benefit. *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 823.

■ In the instant case, respondent's testimony of an oral agreement was contradicted by petitioner, who also denied that she ever prevented respondent from visiting their children. In the absence of a clear demonstration that there was an enforceable agreement, the trial court did not err in awarding child support arrearages.

■ With regard to the doctrine of equitable estoppel, we hold that respondent did not establish that he changed his position in reliance on petitioner's alleged agreement not to enforce the order of child support. Respondent testified to having tranquilizers prescribed for his "nerves," which he attributed to years of not seeing his children. Respondent's proper course for the reduction of child support was by way of the courts and not his own unilateral action. *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 823-24.

■ Respondent argues that the trial court erred in ruling that child support is a vested right and that the custodial parent is under no obligation to remind the noncustodial parent that payments are due. He claims that this holding is unsupported by case law, and he repeats the arguments made above in support of equitable defenses.

In our opinion, respondent's contention is meritless. As stated above, it is a well-established rule that past-due installments of child support are the vested right of the designated recipient. (*Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 821, 408 N.E.2d 752, 755.) This rule has not been abandoned.

■ Next, respondent contends that he was entitled to a ruling specifically absolving him of contempt. When the trial court stated that it would order respondent to pay child support arrearages of $19,450, it also stated that other claims against him had not been proved. At the time, respondent made no effort to make the ruling more specific. Therefore, he has waived the issue. Further, petitioner, although she originally requested the relief of contempt, did not pursue that remedy in subsequent proceedings. Therefore, it was unnecessary and premature for the trial court to even consider the contempt issue.

■ Finally, respondent argues that the trial court's decision in favor of petitioner is against the manifest weight of the evidence. Again, we reject respondent's contentions. In nonjury cases, the credibility of the witnesses and the weight afforded their testimony are questions to be determined by the trial court. A reviewing court will not substitute its judgment as to the credibility of witnesses unless the findings of the court are against the manifest weight of the evi-

dence. (*In re Estate of Stuhlfauth* (1980), 88 Ill. App. 3d 974, 980, 410 N.E.2d 1063, 1067.) We hold that it was not against the manifest weight of the evidence to find that no agreement existed between the parties to forego child support.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and ROMITI, J., concur.