**Pamela C. LICHTENWALTER**

v.

**Chris Edward LICHTENWALTER.**

Supreme Court of Tennessee,
at Nashville.

April 27, 2007 Session at Clarksville.[1]

July 12, 2007.

1. Oral argument in this case was heard April 27, 2007, in Clarksville, Montgomery County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Pamela C. Lichtenwalter.

Laurie Y. Young (before the Supreme Court), Murfreesboro, Tennessee, and Norman E. Solomon (at trial and before the Court of Appeals), Nashville, Tennessee, for the appellee, Chris Edward Lichtenwalter.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK and GARY R. WADE, JJ., and FRANK F. DROWOTA, III, SP.J., joined.

We granted this appeal to determine whether adult children who are not parties to this action may receive a judgment for child support arrearage that accrued pursuant to a valid order awarding child support to their mother. We hold that the right of recovery for the child support arrearage in this case lies with the parent to whom the child support is due. The mother is therefore entitled to the child support arrearage that accrued during the children's minority. Accordingly, we reverse the Court of Appeals' award of the child support arrearage to the parties' adult children and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pamela C. Lichtenwalter and Chris Edward Lichtenwalter divorced in 1986. Ms.

Lichtenwalter was granted custody of the parties' three children, and Mr. Lichtenwalter was ordered to pay child support.

In 1992, Mr. Lichtenwalter was awarded custody of the parties' oldest child. At that time, the trial court approved a formula devised by the parties for determining the amount of child support to be paid by Mr. Lichtenwalter. Rather than following the court's order, however, the parties informally agreed that Mr. Lichtenwalter would pay either $500 or $1,000 per month depending upon the number of minor children living with each parent.

The two older children reached the age of majority in 1996 and 1999. In 2003, Ms. Lichtenwalter filed a petition seeking to hold Mr. Lichtenwalter in contempt for failing to pay child support in accordance with the trial court's 1992 order and for a judgment for the arrearage. In 2004, the youngest child reached the age of majority.

The trial court declined to hold Mr. Lichtenwalter in contempt and found that no arrearage was due because the parties agreed to limit the amount of child support to $500 per child depending upon the number of minor children living with each parent.[2] Ms. Lichtenwalter appealed the trial court's failure to find an arrearage pursuant to the trial court's 1992 order.

The Court of Appeals declined to enforce the parties' informal agreement and calculated the child support owed by Mr. Lichtenwalter using the 1992 order and the Child Support Guidelines. The Court of Appeals remanded the case to the trial court for entry of a judgment against Mr. Lichtenwalter in the amount of $64,529. Without citation to authority, the intermediate appellate court ordered that the

judgment for pre-majority child support be paid to the parties' three adult children, who are not parties to this litigation, rather than to Ms. Lichtenwalter. We granted Ms. Lichtenwalter's application for permission to appeal to consider whether the Court of Appeals erred in ordering the child support arrearage owed by Mr. Lichtenwalter to be paid to the parties' adult children. We denied Mr. Lichtenwalter's application for permission to appeal the Court of Appeals' calculation of the arrearage.

## II. ANALYSIS

Whether a child support arrearage should be paid to the obligee parent rather than to the child to whom the duty of support is owed is a question of law. We review a trial court's conclusions of law de novo with no presumption of correctness. *Broadbent v. Broadbent,* 211 S.W.3d 216, 220 (Tenn.2006).

Child support in Tennessee is regulated by statute. Tennessee Code Annotated section 36–5–101(c)(2)(A) (2005) provides in pertinent part that "[t]he order or decree of the court may provide that the payments for the support of such child or children shall be paid either to the clerk of the court or directly to the spouse." Child support payments are typically paid to the custodial parent despite the fact that child support payments are intended for the benefit of the child. *See Rutledge v. Barrett,* 802 S.W.2d 604, 607 (Tenn.1991) (noting that a child support payment goes, directly or indirectly, to the custodial parent or guardian of a child).

Tennessee Code Annotated section 34–1–102(b) (2001) obligates parents to support their child until the child reach-

---

**2.** The memorandum order being appealed was signed by "Jack Norman, Jr., Substitute Judge."

es eighteen years of age. If the child is in high school when he or she turns eighteen years old, then the child remains entitled to parental support until the child graduates from high school or the class of which the child is a member when the child attains eighteen years of age graduates, whichever occurs first. Tenn.Code Ann. § 34–1–102(b) (2001).[3] That a child has reached the age of majority, however, does not relieve an obligor parent from liability for unpaid child support payments. *Kuykendall v. Wheeler*, 890 S.W.2d 785, 786 (Tenn.1994).

Tennessee Code Annotated section 36–5–101(f)(3) (2005) provides that a child support arrearage in existence at the time an order for child support would otherwise terminate continues in effect until the unpaid arrearage and costs are satisfied. A court may enforce such orders for arrearage under its power to punish for contempt. *Id.* The statute, however, does not change the party to whom the unpaid amounts must be paid based upon the current age of the children for whom the amounts were due. Had the legislature intended a different conclusion, the statutory language would expressly state as much.

Other portions of Tennessee Code Annotated section 36–5–101(f) support the conclusion that the parent to whom child support is owed is entitled to seek reimbursement for a child support arrearage even if the child has reached majority by the time the suit is filed. Tennessee Code Annotated section 36–5–101(f)(1) states that an order of child support is not subject to modification "as to any time period or in any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties." The statute further directs that an unpaid amount of child support becomes a judgment when the child support is not paid on the date it is due. Tenn.Code Ann. § 36–5–101(f)(1) (2005). Moreover, the statute declares that "[a]ny order of child support shall be a judgment entitled to be enforced as any other judgment of a court of this state" and that such an order "shall be entitled to full faith and credit in this state and in any other state." *Id.* We therefore conclude that the right of recovery for a child support arrearage is a vested right that lies with the parent to whom the child support is due.

Decisions in other jurisdictions support this conclusion. *See, e.g., Tapman v. Tapman,* 544 A.2d 1265, 1268 (Me.1988) (adopting the rule that "the right to the payment of support is vested as it becomes due" and observing that this right "is vested in the custodial parent"); *In re Marriage of Homan,* 126 Ill.App.3d 133, 81 Ill.Dec. 487, 466 N.E.2d 1289, 1291 (Ill. App.Ct.1984) (explaining that "it is a well established rule that past-due installments of child support are the vested right of the designated recipient"). The party who holds this vested right does not lose the right to collect that judgment when the child reaches the age of majority. *See, e.g., Fox v. Fox,* 56 Ill.App.3d 446, 14 Ill.Dec. 201, 371 N.E.2d 1254, 1256 (Ill. App.Ct.1978) (noting that the parent or custodian to whom child support is payable does not lose her right to collect the arrearage upon the child reaching majority).

---

**3.** The duty of support may continue indefinitely in the case of a child who is disabled prior to reaching the age of majority. *See* Tenn.Code Ann. § 36–5–101(k)(1)–(2) (2005). In addition, the duty of support may be contractually extended beyond the death of the obligor parent or after the child reaches the age of majority. *See* Janet Leach Richards, *Richards on Tennessee Family Law,* § 10–2 (2d ed.2004).

Whether a rule should be fashioned to permit child support arrearages accrued during a child's minority and enforced post-majority to be paid to someone other than the obligee involves competing public policy considerations that are best left to the wisdom of the legislature.[4]

 While the statute provides that Ms. Lichtenwalter is entitled to seek reimbursement for a child support arrearage even though her children have reached the age of majority, Mr. Lichtenwalter argues that Ms. Lichtenwalter is not due any arrearage because she failed to prove that she provided support for the children beyond her own legal responsibility. We recognize that at least one Court of Appeals decision supports this conclusion. *See State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 601–02 (Tenn.Ct.App.1997) (remanding to the trial court to determine the amount to be reimbursed to the mother for support supplied in excess of her duty to support and to determine the amount owed to the child.) We hold that Ms. Lichtenwalter is not required to provide such proof. Tennessee's statutory scheme does not require an obligee seeking an arrearage to show that he or she provided support beyond that parent's legal responsibility or to show proof of deprivation the child endured as a result of lost child support. *See* Tenn.Code Ann. § 36–5–101(f) (2005).

### III. CONCLUSION

We hold that the right of recovery for a child support arrearage in this case lies with the parent to whom the child support is due. Accordingly, we reverse the Court of Appeals' award of the $64,529 child support arrearage to the parties' adult chil-

dren and remand this case to the trial court for entry of an order awarding the child support arrearage to Ms. Lichtenwalter. Costs of this appeal are taxed to the appellee, Chris Edward Lichtenwalter, for which execution may issue if necessary.

---

4. The legislature has recognized an exception for a parent whose child is being supported by the State. Tennessee Code Annotated section 71–3–123 (2004) provides that if the State makes payments owed by a deserting parent for the support of a child, then any recovery is paid to the State.