IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 9, 2011 Session

**MARK STEVEN DEVORE v. RHONDA M. DEVORE**

**Appeal from the Probate Court for Cumberland County**
**No. 067197     Larry Michael Warner, Judge**

_____

**No. E2010-02017-COA-R3-CV-FILED-JANUARY 4, 2012**

_____

This is a post-divorce case in which Mark Steven Devore ("Husband") petitioned for modification of child support. Rhonda M. Devore ("Wife") counter-petitioned for contempt. The trial court held that Husband was no longer liable for child support because the children had reached the age of majority but that the amount of overpayment was offset by obligations provided for in the marital dissolution agreement ("MDA"). The court also held that Husband was liable for future college expenses. Following Wife's motion to reconsider, the court held that Husband owed $11,230.43 for past due college expenses. Husband appeals. We hold that the court erred because it did not use a child support worksheet to calculate the amount of support owed. We vacate and remand for the court to utilize a worksheet.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

William L. Gribble, II, Maryville, Tennessee, for the appellant, Mark Steven Devore.

Vivian L. Crandall, Oak Ridge, Tennessee, for the appellee, Rhonda M. Devore.

**OPINION**

**I. BACKGROUND**

Husband and Wife were divorced in May 1993 after approximately eight years of marriage. Pursuant to the MDA, Husband and Wife shared joint legal custody, with Wife

maintaining physical custody, of their son ("Son"), born on March 19, 1987, and their daughter ("Daughter"), born on May 23, 1989. Husband was given reasonable visitation and tasked with remitting child support for the two children. The amount of child support was less than the amount established in the guidelines but was agreed upon because Husband assumed "responsibility for most debts incurred during the marriage," agreed to maintain insurance coverage for the medical and dental expenses of the children, and agreed to pay "post-expenses" and "post-majority educational expenses for the children." In 1998, the court adjusted Husband's support obligation to reflect the child support guidelines.

On November 18, 2005, Husband petitioned for modification of his child support payments. Husband alleged that Son had reached the age of majority, thereby necessitating a change in his support obligation. Husband opined that Wife should be required to submit proof of income in order to determine the amount of remaining support owed for Daughter. Approximately four months later, Wife responded by asserting that Husband should also be required to submit his proof of income. Wife alleged that Husband was in violation of the MDA for failing to pay his portion of the children's medical expenses, for failing to provide dental coverage for the children, for failing to pay a 2003 judgment against him for an orthodontic bill, for failing to pay Son's college expenses, and for failing to provide proof of life insurance. Approximately ten months later, Wife amended her response to include further allegations of Husband's failure to comply with the obligations contained in the MDA. In support of Wife's position, she presented a child support worksheet, detailing Husband's income and accounting for Husband's failure to visit with Daughter. Husband responded to Wife's computation of support by alleging that when the court adjusted his support in 1998, his obligation to provide for the additional expenses contained in the MDA was vacated. Husband submitted his own child support worksheet, arguing that Wife erred in calculating his income in 2005 and 2006, that Wife erred in calculating her income in 2005, 2006, and 2007, and that Wife prohibited him from visiting Daughter.

By the time the court ruled upon the matter, both children had reached the age of majority and graduated from high school. Son graduated from high school in May 2005, while Daughter graduated from high school in May 2007. At the hearing, the court noted that Husband owed Wife $4144.29 from an outstanding judgment entered in 2003. The court ruled that any amount of overpayment should be offset by the 2003 judgment and other expenses from the MDA. The court stated,

> The children have aged out so [support] has quit now. So let's go back and figure out when they aged out. When we aged out, we take that amount and subtract that from $4,144.29. If you add back the $159.00, it came back to $721.17. Then when you look at it, she got a check in January for $763.00, so I said it was a wash.

Thus, the court held that Husband's amount of overpayment in child support was *entirely* offset by the 2003 judgment and other expenses. The court then directed Husband to pay 75 percent of the future college expenses pursuant to the MDA and directed the parties to submit documentation concerning the amount that Wife had already paid toward the college expenses. The court also awarded Wife $3000 in attorney fees.

Following the hearing, Husband submitted a final order under the five-day rule. This order was signed by the trial court and filed on April 1, 2008. Wife also submitted a final order, which was signed by the trial court and filed on April 11, 2008. These orders differed in several respects and did not reflect the trial court's ruling. The April 1 order essentially awarded Husband $2869.54 and accounted for Mother's payments toward college expenses, while the April 11 order awarded Wife $117.17 and reserved the issue of college expenses. Both orders provided that Husband would be responsible for 75 percent of future college expenses and awarded Wife $3000 in attorney fees.

Wife filed a motion to alter or amend the court's April 1 order, alleging that the court entered an order without allowing the parties to submit documentation reflecting the amount owed by Husband for the post-majority educational expenses. Wife also argued that the proposed April 1 order "varie[d] greatly from the court's ruling." The court granted the motion, and following a hearing, entered another order on May 7, 2010.

In the second order, the court granted the motion to modify the support but "only in so far as to render[] any support obligation of [Husband] to [Wife] satisfied." The court held that Husband's payments made through his wage assignment satisfied the obligations for "past support owed to [Wife], including the adjudicated arrearage [from 2003], the mandatory statutory interest that would have accrued thereon, and past-due medical obligations." The court found that Husband owed a "duty to pay for the college education of his children as set forth in the [MDA]" and awarded Wife a judgment "for the post-majority support of the children incurred for their college educations through the fall semester of 2007." The court found that the amount owed for the college expense responsibility was $11,230.43. The court also awarded Wife attorney fees in addition to the fees that were previously awarded, bringing the total attorney fee award to $6000. The court found that all previous orders on the case should be "rendered null and void." The court did not enter a child support worksheet or account for how it determined that the overpayment in child support merely satisfied the arrearage, statutory interest, and past-due medical obligations.

Husband filed a motion to reconsider, alleging that the final order was not supported by the facts presented because the court failed to enter the specific amount of child support it used in its calculations, thereby precluding determination of whether the court complied

with the statutory guidelines. Husband argued that the court also failed to consider Wife's income from the sale of a home. Husband contended that the court's ruling relative to college expenses was contrary to the law and should have been considered using contract law, not divorce law. The trial court denied the motion, finding that the final order was just and appropriate. Prior to restating that Husband's obligation of monthly support was terminated and that Husband owed no further support in that regard, the court found that "application of the guidelines would be inappropriate, not in the best interest of the children, and not achieve finality." This timely appeal followed.

## II.  ISSUES

We consolidate and restate Husband's issues on appeal as follows:

A.  Whether the trial court erred in granting Mother's motion to reconsider.

B.  Whether the trial court erred in calculating the amount of child support owed without utilizing and entering a child support worksheet.

## III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

In matters of child support, broad discretion is afforded the trial court in its determinations. We review the trial court's child support decisions using the deferential abuse of discretion standard. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). That discretion should not be disturbed on appeal unless the evidence preponderates against the court's finding. *See Butler v. Butler*, 680 S.W.2d 467 (Tenn. Ct. App. 1984).

## IV.  DISCUSSION

A.

Husband argues that the trial court erred in granting Wife's motion to reconsider because Wife failed to file a written motion. Wife responds that Husband's argument is without merit because the record was supplemented to include the written motion. Husband agreed at oral arguments that this issue is moot because the record had been supplemented to include Wife's written motion. Accordingly, we conclude that this issue is without merit.

B.

Husband asserts that the court erred in finding that his overpayment in child support equaled the amount owed on Husband's MDA obligations. Husband contends that the trial court should have followed the child support guidelines and used a child support worksheet when calculating the amount of child support owed for both children. Wife responds that the court properly found that the child support guidelines were not applicable because the children had reached the age of majority and that any deviation was beneficial to Husband.

In this state, child support is governed by Tennessee Code Annotated section 36-5-101. "In making the court's determination concerning the amount of support of any minor child or children of the parties, the court shall apply, as a rebuttable presumption, the child support guidelines" that are promulgated by the Tennessee Department of Human Services Child Support Service Division. Tenn. Code Ann. § 36-5-101(e)(1)(A); *see generally* Tenn. Comp. R. & Regs. 1240-02-04. The guidelines "are a minimum base for determining child support obligations. The presumptive child support order may be increased according to the best interest of the child for whom support is being considered, the circumstances of the parties, and the rules of [the] chapter." Tenn. Comp. R. & Regs. 1240-02-04-.01(4). The guidelines provide,

(1) Required Forms

(a) These rules contain a Child Support Worksheet, a Credit Worksheet, Instructions for both Worksheets, and the Child Support Schedule which shall be required to implement the child support order determination.

(b) The use of the Worksheets promulgated by the Department is *mandatory* in order to ensure uniformity in the calculation of child support awards pursuant to the rules.

. . .

(e) The completed Worksheets *must be maintained* as part of the official record either by filing them as exhibits in the tribunal's file or as attachments to the order.

Tenn. Comp. R. & Regs. 1240-02-04-.04(1) (emphasis added). In setting the amount of support owed, the court may choose to deviate from the guidelines. If the court chooses to deviate, the court "shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child or children, or the equity between the parties." Tenn. Code Ann. § 36-5-101(e)(1)(A). Additionally, the court "shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." Tenn. Code Ann. § 36-5-101(e)(1)(A).

Regardless of the amount of support imposed by the trial court, a parent is obligated to support his or her child "until the child reaches eighteen years of age." *Lichtenwalter v. Lichtenwalter*, 229 S.W.3d 690, 692-93 (Tenn. 2007) (citing Tenn. Code Ann. § 34-1-102(b)). "If the child is in high school when he or she turns eighteen years old, then the child remains entitled to parental support until the child graduates from high school or the class of which the child is a member when the child attains eighteen years of age graduates, whichever occurs first." *Id.* (citing Tenn. Code Ann. § 34-1-102(b)). A modification of the support owed may be requested pursuant to the guidelines when there is a change in the number of children for whom the obligor parent is legally responsible. Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(b)(2). "To determine if a modification is possible, a child support order shall first be calculated on the *Child Support Worksheet* using current evidence of the parties' circumstances." Tenn. Comp. R. & Regs. 1240-02-04-.05(3) (emphasis added); *see also* Tenn. Comp. R. & Regs. 1240-02-04-.06 (outlining a similar procedure used for determining the amount of retroactive support owed). If a significant variance exists between the current order and the proposed amount, "such a variance would [generally] justify the modification of a child support order." Tenn. Comp. R. & Regs. 1240-02-04-.05(3).

An obligor parent may, "under appropriate circumstances, prorate his or her child support payments after a child is emancipated without first obtaining a court order." *Corder v. Corder*, 231 S.W.3d 346, 359 (Tenn. Ct. App. 2006). "[P]roration may not be appropriate where the support order in effect requires the obligor parent to pay a lump sum for all of the children, without identifying the amount to which each child is entitled, and the circumstances justify holding the obligor parent responsible for the original amount of child support (or at least a disproportionate portion of the original amount) for the remaining minor children." *Id.* at 359-60; *see Bell v. Bell*, No. 01A01-9511-CH-00493, 1996 WL 548150 (Tenn. Ct. App. Sep. 25, 2006) ("[T]he trial court is not *obligated* to apply proration where

circumstances justify the original total amount of support for the remaining minor children.").

We agree that once Son reached the age of majority and graduated from high school, Husband was entitled to request a modification of his child support obligation to reflect payments for one child instead of two. We recognize that Daughter had also reached the age of majority once the court ruled upon the matter. However, we believe the trial court should have considered the child support guidelines and utilized the child support worksheet in setting the amount of child support owed for Daughter once Son reached the age of majority and graduated from high school. When Husband petitioned for modification, the income of the parents had likely changed,[1] and Husband had not exercised his visitation with Daughter, leaving Wife to care for Daughter the entirety of the year.[2] These are circumstances that *might* have justified holding Husband responsible for a greater portion of the original amount once Son reached the age of majority. The record reflects that, in part, the court referenced Husband's child support worksheet and adopted some of Husband's calculations. While the court's calculations may have been beneficial to Husband, we believe the trial court should have fully utilized a child support worksheet in calculating the amount owed. Additionally, the court should have considered the current income for each parent and Husband's actual time spent with Daughter. We acknowledge the court's reference to the guidelines in the order denying Husband's motion to reconsider but hold that the court's glancing reference to the guidelines was not adequate because it did not state the amount of support that would have been ordered pursuant to the guidelines. *See* Tenn. Code Ann. § 36-5-101(e)(1)(A). Accordingly, we reverse the decision of the trial court and remand the case with instruction to the trial court to utilize a child support worksheet. If the trial court deviates from the guidelines, the reason for the deviation must be adequately explained on the record.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are taxed to the appellee, Rhonda M. Devore.

_____
JOHN W. McCLARTY, JUDGE

---

[1] The worksheets submitted by Husband and Wife reflected different incomes for Husband.

[2] Husband claimed that he should be given credit for spending 80 days with Daughter, while Wife contended that Husband never visited with Daughter.