IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2013 Session

## TYRIN ROSS PRICE
v.
## SANDRA ELLEN PRICE

**Appeal from the Shelby County Chancery Court**
**No. CH1106641    Walter L. Evans, Chancellor**

**No. W2012-01501-COA-R3-CV - Filed April 19, 2013**

This appeal involves the child support obligation of a man who is not the biological father of the children at issue. The wife gave birth to two children during the parties' marriage. The husband filed for divorce, and subsequent DNA tests confirmed that the husband was not the father of either child. The trial court held that the husband had no legal obligation to pay child support. The wife now appeals, arguing that the husband should be required to pay child support because he is the children's "legal father." Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Bradley C. Ball, Lakeland, Tennessee for Defendant/Appellant, Sandra Ellen Price

Charles Rich, Memphis, Tennessee for Plaintiff/Appellee, Tyrin Ross Price

### OPINION

#### FACTS AND PROCEEDINGS BELOW

The pertinent facts in this case are generally undisputed. Prior to their marriage, Tyrin Ross Price ("Husband") and Sandra Ellen Price ("Wife") had two children together; those children are now adults and are not at issue in this appeal. Husband and Wife married in 1989. During the marriage, Husband served in the United States Navy. From 1992 until 2005, he was on active duty and stationed away from his family, with occasional visits home.

From 1993 to 2003, while Husband was stationed elsewhere on active duty with the Navy, a male roommate lived in the family's home. During the marriage, Wife gave birth to the two children who are the subject of this appeal, C.P. in 1995 and S.P. in 2001. S.P. has Down syndrome and is disabled.

In 2001, Husband apparently had a DNA test performed to determine whether C.P. is his child. The test indicated that Husband is not C.P.'s biological father. This news prompted Husband to file a complaint for divorce. However, Husband "did not follow through" on this divorce complaint and the parties remained married.

In 2011, Husband filed the complaint for divorce in the instant case, in the Chancery Court for Shelby County, Tennessee. In the complaint, Husband asserted he is not the biological father of the two minor children at issue and sought additional DNA testing.

Wife's answer admitted that Husband is not the biological father of the minor children. Wife filed a pleading opposing Husband's request for additional DNA testing on the basis that Husband purportedly executed a "voluntary acknowledgment of paternity" shortly after each child was born, so was barred from rescinding it under Tennessee Code Annotated § 24-7-113.[1] Wife attached the children's birth certificates to her pleading, which both listed Husband as the father.

Despite Wife's opposition, the trial court ordered DNA testing to ascertain the children's parentage. The tests showed that Husband is not the biological father of either of the two minor children.[2] The matter proceeded to trial.

At trial, both parties' testimony indicated that Husband held the two children out as his own. Husband listed the children as "children/dependents" in the military personnel system, and had lived in the family home with Wife and the children since he left active duty in 2005. Wife testified that C.P. refers to Husband as "Dad" and both children know no one else as their father.

---

[1]Tennessee Code Annotated § 24-7-113 generally addresses the conditions for rescission of a "voluntary acknowledgment of paternity" executed pursuant to Tennessee Code Annotated §§ 68-3-203(g), 68-3-302, or 68-3-305(b).

[2]The record contains no indication that paternity proceedings were ever initiated as to the male roommate who lived in the family home while Husband was on active duty, or whether he is believed to be the biological father of the two children at issue in this appeal. The record indicates that Wife is no longer in contact with the roommate.

After the trial, the trial court entered an order granting both parties a divorce on stipulated grounds. The order found: "there are no minor children of the parties," citing the results of the DNA testing. The order held that Husband "has no legal obligation for the support of the minor children." Wife now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Wife raises the following issue: "Whether the trial court erred in failing to designate legal children of the marriage."

On appeal, the trial court's factual findings are presumed correct unless the evidence preponderates against them. Tenn. R. App. P. 13(d). The trial court's conclusions of law are reviewed *de novo* with no presumption of correctness. ***Blackburn v. Blackburn***, 270 S.W.3d 42, 47 (Tenn. 2008); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

## ANALYSIS

On appeal, Wife concedes, as she must, that Husband is not the biological father of the subject children. She contends, however, that "absent an adjudicative hearing naming another man as the biological father of the children, [Husband] is the children's legal father because he was married to the biological mother of the children, who were born during the marriage." Citing ***In re T.K.Y.***, 205 S.W.3d 343 (Tenn. 2006), Wife points to the provision in the statutes governing adoption and termination of parental rights that define a child's "legal parent" as including "a man who is or has been married to the biological mother of the child if the child was born during the marriage." Tenn. Code Ann. § 36-1-102(28)(B).[3] Because Husband falls under this definition of "legal parent," Wife asserts, the trial court erred in holding that Husband has no legal obligation to pay child support in this case.[4] In addition, at oral argument and in the trial court below, Wife asserted that Husband is required to pay child support because there was a statutory "voluntary acknowledgment of paternity."[5]

At the outset of our analysis, we note that, in Tennessee, child support is governed by statute. ***Lichtenwalter v. Lichtenwalter***, 229 S.W.3d 690, 692 (Tenn. 2007); ***Danelz v. Gayden***, No. W2012-01667-COA-R3-JV, 2013 WL 1190818, at *5; 2013 Tenn. App. LEXIS 203, at *14

---

[3] Wife's appellate brief mis-cited this statute as Tenn. Code Ann. § 36-1-113.

[4] Our summary of the rather sketchy argument in Wife's appellate brief is generous.

[5] We exercise our discretion to briefly address this argument even though it was not included in Wife's appellate brief.

(Tenn. Ct. App. Mar. 25, 2013). Thus, any obligation to pay child support must arise from Tennessee's statutes.

First, we dispatch with Wife's argument that Husband should be required to pay child support in light of his "voluntary acknowledgment of paternity." A voluntary acknowledgment of paternity, frequently referred to simply as a VAP, is creature of statute, a mechanism created by our Legislature to establish paternity without court intervention. *In re C.A.F.*, 114 S.W.3d 524, 528 (Tenn. Ct. App. 2003). Among other things, a VAP permits the entry of a child support order without a paternity proceeding. Tenn. Code Ann. § 24-7-113(b)(1); *In re C.A.F.*, 114 S.W.3d at 528. Tennessee statutes detail the requirements for a document to constitute a VAP. *See, e.g.,* Tenn. Code Ann. § 68-3-305(b).[6] *See also* Tenn. Code Ann. §§ 68-3-203(g), 68-3-302.

We find no VAP in the record in this case. Moreover, other than Wife's baseless assertions, we find nothing in the record indicating that Husband ever executed a VAP. We find only the children's birth certificates, which list Husband as the father and do not even include his signature. Any argument by Wife based on the purported execution of a VAP is without merit.

Next, we find that the Tennessee Supreme Court's decision in *In re T.K.Y.* is inapposite in this case. In *In re T.K.Y.,* two men sought to establish their rights as the father to a child in the context of termination of parental rights. Thus, *In re T.K.Y.* involved the *converse* of the instant case, in which Husband seeks to fend off Wife's attempts to impose a child support obligation upon him.

For the same reason, we find that the definition of "legal parent" in Tennessee Code Annotated § 36-1-102(28)(B), contained in Tennessee's statutes on adoption and termination

---

[6]Tennessee Code Annotated §68-3-305(b)(2)(B) states:

> The acknowledgment [of paternity] form shall be in the form of an affidavit, shall contain the social security numbers of the mother and father of the child and shall be approved by the state registrar and the department of human services. The state registrar and the department of human services shall modify the form to comply with the minimum regulations for the form, which are finalized by the secretary of health and human services. An acknowledgment executed in conformity with this section shall be valid as long as it is executed on a form approved by the state registrar and the department of human services. A voluntary acknowledgment of paternity may be completed by a minor, if a parent or legal guardian of the minor is present and consents at the time of completion of the acknowledgment.

Tenn. Code Ann. § 68-3-305(b)(2)(B)(2012).

of parental rights, wholly inapplicable. Wife has cited no statute that supports her argument in this cause.

In this appeal, Wife seeks to impose a child support obligation upon a man shown not to be the biological father of the children at issue. Put simply, this is swimming against the tide. Tennessee statutes and case law aim to require child support from the child's biological father and relieve all others of such obligation. "Tennessee law strongly favors requiring biological parents to bear responsibility for their own children, and [] this policy also favors relieving putative fathers of the burden of supporting children who have been shown, through conclusive evidence such as DNA testing, not to be their natural offspring." *State ex rel. Dancy v. King*, No. W2010-00934-COA-R3-JV, 2011 WL 1235597, at *6; 2011 Tenn. App. LEXIS 163, at *16 (Tenn. Ct. App. Apr. 5, 2011) (quoting *State ex rel. Johnson v. Mayfield*, No. W2005-02709-COA-R3-JV, 2006 WL 3041865, at *5; 2006 Tenn. App. LEXIS 693, at *15 (Tenn. Ct. App. Oct. 26, 2006); *Taylor v. Wilson*, No. W2004-00275-COA-R3-JV, 2005 WL 517548, at *4; 2005 Tenn. App. LEXIS 134, at *11 (Tenn. Ct. App. Mar. 3, 2005)). "Tennessee does not provide for the imposition of a child support obligation upon an individual unless that person has a duty to support his or her natural or adopted child." *Braun v. Braun*, No. E2012-00823-COA-R3-CV, 2012 WL 4563551, at *3; 2012 Tenn. App. LEXIS 701, at *6 (Tenn. Ct. App. Oct. 2, 2012) (quoting *Harmon v. Harmon*, No. 02A01-9709-CH-00212, 1998 WL 835563, at *5; 1998 Tenn. App. LEXIS 816, at *13 (Tenn. Ct. App. Dec. 3, 1998)). "In the absence of a formal adoption, a man is not obligated to provide support for a child when it is shown by clear, strong, and convincing evidence that he is not the natural parent of the child." *Braun*, 2012 WL 4563551, at *3; 2012 Tenn. App. LEXIS 701, at *7 (quoting *Harmon*, 1998 WL 835563, at *5; 1998 Tenn. App. LEXIS 816, at *14).

We must conclude that Wife's arguments are without merit. Accordingly, we affirm the trial court's holding that Husband "has no legal obligation for the support" of the children at issue in this case.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are assessed against Defendant/Appellant Sandra Ellen Price, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE