IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2017 Session

## ADNAN A. ALATTIYAT v. FAIZA A. QASQAS

**Appeal from the Circuit Court for Shelby County**
**No. CT-004351-14  Robert Samual Weiss, Judge**

_____

## No. W2016-00855-COA-R3-CV

_____

This is a divorce case.  Appellant/Husband appeals the trial court's denial of his motion for summary judgment, his motion to vacate the *pendente lite* award, the division of marital property, and the award of alimony.  Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Adnan A. Alattiyat, *pro se*.

Michael D. Snell, Marion, Arkansas, for the appellee, Faiza A. Qasqas.

**OPINION**

## I.     Background

Appellee Faiza A. Qasqas ("Wife") was born in Palestine in 1961.  She grew up in Jordan and the United Arab Emirates and graduated from college in 1989.  Thereafter, she was licensed as a lawyer in Jordan.  In 1996, she met Appellant Adnan A. Alattiyat ("Husband").  After they began dating, Wife had a new birth certificate issued in Jordan, which indicated that she was born in 1965 rather than 1961.  Wife testified that Husband was aware of this new birth certificate and that she obtained it at his request to appease his family as to their age disparity because Wife is 10 years older than Husband. Husband denies that he was aware of the new birth certificate prior to the parties' marriage.  The parties were married in 1997 in Ammon, Jordan, and three children were born to the marriage.  Following their marriage, the parties moved to Memphis, where

they entered into a lease to operate a convenience store. This venture proved unsuccessful, and, in February 2012, the parties sold their interest in the convenience store. Due to their financial difficulties, the parties lost their home in Memphis and moved to California to be near Wife's family. The parties moved back to Memphis six months later, and Husband took a job as a cashier at a convenience store. Husband ultimately contracted for and opened an Exxon "Hop In" store in Memphis. At trial, Husband testified that he borrowed the money for this endeavor from his brothers. When the business closed in 2015, Husband testified that the proceeds from the sale of the business were used to repay his brothers.

The parties separated in August 2014, following an altercation where police were called. On August 21, 2014, Wife filed for an order of protection against Husband. On October 15, 2014, Husband filed a complaint for divorce, wherein he alleged the grounds of inappropriate marital conduct, irreconcilable differences, and abandonment. Wife filed an answer and counter-complaint for divorce on November 6, 2014. A *pendente lite* hearing was held on December 17, 2014, at which Wife testified that she was not working and had no income. Husband obtained counsel after the *pendente lite* hearing and appealed the divorce referee's ruling to the circuit court. By order of February 27, 2015, temporary support based on Wife having no income and Husband having a monthly income of $3,143.72 was set as follows: (1) Wife was awarded $500 per month in transitional alimony; (2) Husband was ordered to pay child support in the amount of $933 per month; (3) Husband was ordered to pay Wife's attorney fees in the amount of $3,447.00. The parties agreed to a temporary parenting plan, which was entered on January 22, 2015.

On February 19, 2015, Husband's attorney filed a motion to withdraw. On February 26, 2015, Wife was arrested by the Shelby County Sheriff and charged with aggravated perjury based on allegations made by Husband regarding Wife's testimony at the hearing before the divorce referee. These charges were later dismissed, *nolle prosequi,* without costs. The day after Wife's arrest, the trial court entered an order allowing Husband's attorney to withdraw. Although Husband's motion appealing the *pendente lite* order was pending, on March 15, 2015, Husband filed a motion to vacate judgment, which he asserted was obtained by perjury. Husband subsequently filed two motions for recusal, alleging bias on the part of Shelby County Circuit Court Judge James Russell, who was originally assigned to the case. These motions were ultimately denied. However, on April 27, 2015, Judge Russell transferred the case to another division of circuit court.

On July 6, 2015, three days before trial, Husband filed a motion for summary judgment, alleging that the marriage was obtained by fraud and requesting that the marriage be annulled. Husband's allegations were based on the fact that Wife's Jordanian birth certificate listed her year of birth as 1965 rather than 1961. The case proceeded to trial on July 9, 2015. On April 15, 2016, the trial court entered a final

decree of divorce. The trial court denied Husband's motion for summary judgment and declared the parties divorced pursuant to Tennessee Code Annotated section 36-1-129. The trial court modified the *pendente lite* order, based on its finding that Wife's testimony, at the hearing before the divorce referee, was inconsistent with her testimony at trial. Specifically, Wife testified during the hearing before the divorce referee that she had no income; however, during the trial, Wife testified that she received financial support from the Memphis Islamic Center and income from her current employer, All Tennessee Care Givers, LLC. The trial court modified the child support worksheet to reflect Wife's gross monthly income of $1,690.26. At the time of trial, Husband testified that he was unemployed; however, the trial court found that Husband was willfully underemployed and imputed income of $2,940.00 per month. The trial court ordered that each party would retain the personal property currently in his or her possession and that each would be responsible for his or her debts. Husband was ordered to pay Wife rehabilitative alimony of $500 per month for 12 months and alimony *in solido* of $3,000. The trial court adopted the parties' temporary parenting plan but reduced Husband's child support obligation to $589.00 per month.

On April 29, 2016, Husband filed a notice of appeal. On May 11, 2016, he filed a motion to alter, amend, or vacate the judgment pursuant to Tennessee Rule of Civil Procedure 59. The motion was heard on May 20, 2016, and was denied by order of May 26, 2016. Although the trial court denied Husband's Rule 59 motion, the May 26, 2017 order included additional findings of fact. Husband appeals.

## II. Issues

Appellant raises five issues for review, which we restate as follows:

1. Whether the trial court erred in entering a final judgment without including written findings of fact and conclusions of law, as required by Tennessee Rule of Civil Procedure 52.01?
2. Whether the trial court erred in denying Appellant's motion for summary judgment?
3. Whether the trial court erred in denying Appellant's motion to vacate judgment obtained by perjury, and instead granting Appellant's motion appealing the divorce referee's ruling.
4. Whether the trial court erred in its division of marital property?
5. Whether the trial court erred in awarding alimony and attorney fees to Appellee?

## IV. Standard of Review

Because this case was tried by the court, siting without a jury, we review the trial court's findings of fact *de novo* on the record with a presumption that those findings are correct, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review the trial court's conclusions of law *de novo* with no presumption of correctness. ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 105-106 (Tenn. 2011); ***Blackburn v. Blackburn***, 270 S.W.3d 42, 47 (Tenn. 2008).

Furthermore, we are cognizant that Husband is proceeding *pro se* in this appeal. Courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. ***Garrard v. Tenn. Dep't of Corr.***, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014) (internal citations omitted). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. ***Diggs v. Lasalle Nat. Bank Assoc., et al.***, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); ***Brown v. Christian Bros. University***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

## V.     Analysis

### A.     Written Findings of Fact and Conclusions of Law

Husband argues that the trial court erred because it made insufficient findings of fact and conclusions of law. Tennessee Rule of Civil Procedure 52.01 requires that "the court shall find the facts specially and shall state separately its conclusions of law" in all non-jury cases. Tenn. R. Civ. P. 52.01. "There is no bright-line test by which to assess the sufficiency of factual findings, but the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." ***Lovlace v. Copley***, 418 S.W.3d 1, 35 (Tenn. 2013) (internal citations omitted). From our review of the final decree of divorce and the order on motion to alter, amend, or vacate judgment, we conclude that the trial court made several pages of findings. Although the final decree of divorce does not contain a separate heading designating the conclusions of law, the conclusions made by the trial court are properly delineated. Additionally, the order on the motion to alter, amend, or vacate judgment contains several pages of additional findings of fact and conclusions of law that support the determinations made by the trial court in the final decree of divorce. Accordingly, we do not conclude that the trial court's orders fail to comply with the requirements of Rule 52.

### B.     Motion for Summary Judgment

Rule 56 of the Tennessee Rules of Civil Procedure outlines the requirements for proceedings on motions for summary judgment. As it is relevant to this appeal, Rule 56.04 mandates that "the motion shall be served at least thirty (30) days before the time fixed for the hearing." Tenn. R. Civ. P. 56.04. Additionally, Rule 56.03 requires that

> [A]ny motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Tenn. R. Civ. P. 56.03. The rule goes on to state that '[a]ny party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant. . . ." Appellant argues that the trial court erred in denying his motion for summary judgment. However, Husband filed his motion on July 6, 2015, only three days before the July 9, 2015 hearing rather than thirty days as required by Rule 56.04. Furthermore, the statement of facts in the motion does not provide any citation to the record as required by Rule 56.03. Because Appellant's motion for summary judgment fails to comply with the requirements of Rule 56, we cannot conclude that the trial court erred in denying the motion. Additionally, "this Court is precluded from entertaining, as alleged error, the trial court's denial of a summary judgment motion . . . when the case proceeds to a trial on the merits and a judgment is subsequently rendered." *Cortez v. Alutech, Inc.*, 941 S.W.2d 891, 893 (Tenn. Ct. App. 1996).

## C. Alimony and Attorney Fees

Husband argues that the trial court erred in awarding Wife alimony and attorneys' fees without making specific findings of fact and conclusions of law. A trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. *Kinard v. Kinard*, 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998); *see also* *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn.2001); *Robertson v. Robertson*, 76 S.W.3d 337, 340-41 (Tenn. 2002). There are numerous statutory factors to be considered when deciding the type, duration, and amount of alimony to be awarded. *See* Tenn. Code Ann § 36-5-121(i) (Outlining factors to consider when "determining whether the granting of an order for payment of support and maintenance to a party is appropriate ..."). "Appellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence...." *Kinard*, 986 S.W.2d at 234. Instead, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006). In

other words, appellate courts decline to second-guess a trial court's spousal support decision absent an abuse of discretion. *Robertson* 76 S.W.3d at 343. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). This standard does not permit an appellate court to substitute its judgment for that of the trial court but "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, and thus envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Henderson*, 318 S.W.3d at 335 (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision. *Gonsewski*, 350 S.W.3d at 105-06.

Husband argues that the "the factual basis and the trial court's reasoning on the alimony award . . . is not readily ascertainable." Thus, he contends that trial court erred in awarding Wife $500 per month for two years as transitional alimony. The final decree of divorce states that Husband is ordered to pay "*rehabilitative* alimony directly to Wife in the amount of $500 per month for twelve (12) months beginning August 1, 2015" (emphasis added). However, in its subsequent order on Husband's motion to alter, amend, or vacate judgment, the trial court considered Tennessee Code Annotated section 36-[5]-121[1] factors in making the following additional findings concerning the award of alimony:

> 1. The relative earning capacity favors Husband based upon his long history of operating businesses with the aid of his family. Wife, although well educated in Jordan has never worked outside the family businesses and is working in the health care industry.
> 2. The parties both have law degrees from Jordan, however, neither are licensed to practice in the United States. There was no proof of any interest by Wife to pursue additional education.
> 3. The parties were married on June 6, 1997 and had been married for eighteen years.

---

[1] The order refers to Tennessee Code Annotated section 36-4-121, which is the statute delineating the factors to consider in making an equitable distribution of the marital property. The correct citation is Tennessee Code Annotated 36-5-121(i), which delineates the factors to consider in determining the nature, amount, and duration of alimony. The factors in both statutes are similar and given the specific findings of the trial court, we conclude that its incorrect citation was simply a typographical error.

- 6 -

4. Husband was born May 21, 1971 and is forty-five (45) years old. Wife was born October 10, 1965 and was fifty (50) years old.

5. Both parties were in good health.

6. Wife is working outside of the home and Husband is paying child support in the amount of $589.00 per month for three (3) minor children.

7. The parties provided no information at trial regarding any separate assets, which would have been limited based upon the parties' relatively long marriage.

8. The parties provided no information regarding the value of the property divided between them.

9. The parties had a modest standard of living raising three minor children.

10. Through the marriage, both parties contributed to the marriage with Husband primarily running a variety of businesses and Wife working for those businesses.

11. The parties were declared divorced pursuant to Tenn. Code Ann. §36-5-121 so fault was not a factor to be considered.

12. There were no other factors, including tax consequences, which were a factor considered by the Court.

Based upon the previous findings, Husband's history of running a variety of businesses, the Court imputing income based upon his being willfully underemployed and Wife being the economically disadvantaged party based upon her age and work history, the court accordingly awarded rehabilitative alimony in the amount of $500.00 per month for a period of twelve months.

With regard to its award of attorneys' fees as alimony *in solido*, the trial court's order also references the foregoing findings, which were made pursuant to Tennessee Code Annotated section 36-5-121. It is clear from the trial court's orders that it considered the relevant statutory factors in determining the nature, amount, and duration of the alimony award. From our review of the record, there is sufficient proof to support the trial court's findings. Accordingly, we conclude that the trial court did not err in awarding Wife rehabilitative alimony and alimony *in solido*.

### D. Whether the trial court erred in denying Appellant's Motion to Vacate Judgment Obtained by Perjury, and instead granting Appellant's Motion Appealing the Divorce Referee's Ruling

In his third issue, Husband argues that the trial court erred in denying his motion to vacate judgment obtained by perjury. With regard to Husband's motion to vacate, the trial court held in pertinent part:

> [Appellant] filed two motions to address his dissatisfaction with the divorce referee's ruling entered on February 27, 2015 following a hearing on December 15, 2014; a Notice of Appeal filed on December 29, 2014 and a motion to vacate judgment filed on March 13, 2015. The Court granted relief pursuant to these motions by recalculating the child support award based upon the correct figures for Wife's income negating the incorrect information she presented at the *pendente lite* hearing. The court did not grant the motion to vacate in *toto* because to vacate the order would negate the award of child support which was necessary based [on] the parenting schedule and the parties' income.

In his motion, Husband requested that the trial court "alter, amend, or vacate its previous judgment." Ultimately, the trial court reduced Husband's child support obligation from $933.00 to $589.00 per month. It appears that by modifying Wife's income based on her trial testimony and recalculating child support, the trial court did exactly what Husband requested.

Furthermore, Tennessee Code Annotated section 34-1-102(b) (2001) obligates parents to support their child until the child reaches eighteen years of age, or graduates from high school, whichever occurs later. Tenn. Code Ann. §34-1-102(b); *Lichtenwalter v. Lichtenwalter*, 229 S.W.3d 690, 692-93 (Tenn. 2007). Accordingly, it was incumbent on the trial court to fashion a child support order based on the parties' incomes. Importantly, Husband does not specifically argue that the reduced amount of child support set by the trial court was incorrect; rather, he appears to argue that he should have been relieved of the obligation altogether because of Wife's earlier testimony that she had no income. Because Husband does not specifically raise an issue concerning the amount of child support, we will not address it here. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct*., 301 S.W.3d 603, 615 (Tenn. 2010). From our review, the trial court did not err in refusing to vacate the entire child support award previously ordered.

### E. Division of Marital Property

Concerning the trial court's division of marital property, Husband argues that the trial court's division of marital property was not equitable. The final decree of divorce states that the parties "will each retain the personal property in their possession." Although Husband contends that the trial court fails to make adequate findings on the

division of marital property, in its subsequent order on Husband's motion to alter, amend, or vacate judgment, the trial made the following additional findings:

> The motion with regards to marital property division is denied.  Neither party set forth any claim for personal property either in their Rule XIV(c) affidavit or in their testimony at trial.  The parties had been living separate and apart for over one year at the time of trial and the record is void of any petitions relating to the division of personal property.  Accordingly the court had no information so made the only decision that was available to affirm the parties' division of their assets.

Tennessee Rules for Circuit Court of the Thirtieth Judicial District require that "[a]t least twenty-four (24) hours before trial of any contested divorce is scheduled, counsel shall deliver to the Judge a memorandum that includes [among other things] specific items of personalty sought, and its values."  TN R 30 Dist. Cir. Ct. Rule 14(D)(l).  There is no indication that Husband filed a Rule 14(D) affidavit.  Wife did file a Rule 14(D) affidavit stating that she "seeks award of the household furnishings that are currently in her possession; along with an equitable division of any monies proven at trial.  Each party shall keep the automobile currently in their possession."

This Court's ability to review the specifics of the division of marital property is further stymied by the fact that Husband's brief fails to comply with Rule 7 of the Rules of the Court of Appeals of Tennessee, which requires an appellate brief in a divorce case to contain: (1) a table listing all of the parties' property and debts; (2) a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found;  and (3) a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.  Tenn. R App. Ct. 7.  Here, Husband did not include the Rule 7 table, nor does his brief include citations to the record as required by the rule.  "[T]this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." ***Owen v. Long Tire***, LLC, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).  "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009).  Due to Husband's failure to comply with the applicable rules, we are unable to conduct a review of the trial court's division of marital property.  As such, this issue is waived.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court.  We remand the case for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed against Appellant, Adnan A. Alattiyat, and his

surety, for all of which execution may issue if necessary.

                                           _____

                                           KENNY ARMSTRONG, JUDGE